**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

———————————

No. 97-10348
(Summary Calendar)

———————————

JAMES STEEN,

Plaintiff-Appellant,

versus

ANGELA C. SNEED,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Northern District of Texas
(7:96-CV-259-X)

———————————

September 17, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant James Steen, a prisoner in Texas, appeals

the dismissal of the civil rights action he filed pursuant to 42

U.S.C. § 1983 against Defendant-Appellee Angela Sneed, a security

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officer in the Texas Department of Criminal Justice.  Steen assigns as error the district court's adoption of the magistrate judge's findings and conclusions, contending adoption was premature; the determination by the court that Steen's complaint failed to state a claim because he did not allege physical injury; and the dismissal of his complaint without allowing him an opportunity to develop his claim further.  Finding no reversible error, we affirm.

I

FACTS AND PROCEEDINGS

Steen alleges that Sneed ordered another inmate, Otis Daniel, "to jump off a three story walkway"; that Daniel followed Sneed's order, jumping to his death; and that witnessing the incident caused Steen emotional distress.  He also alleges that Sneed retaliated against him for reporting her role in the incident to prison officials.  A hearing was conducted pursuant to Spears v. McCotter,[1] in which Steen testified that, when the inmates' cells were about to be opened so that they could go to the showers, Daniel told the officers that he would jump over the rail; that upon the opening of Daniel's cell he climbed on the rail of the third floor; and that Sneed, who was on the first floor, looked up at Daniel and told him to go ahead and jump, whereupon Daniel jumped to his death.

Steen also testified at the Spears hearing that Sneed

_____

[1]  766 F.2d 179 (5th Cir. 1985).

2

retaliated against him after he reported the incident, threatening and aggravating him.  Steen stated that he had nightmares after the suicide and suffered emotionally and mentally but did not have any physical injuries.

The magistrate judge determined that under the Prison Litigation Reform Act (PLRA), Steen's complaint failed to state a cause because Steen denied incurring any physical injury, and pure mental or emotional injuries do not state a cognizable action (citing 42 U.S.C. § 1997(e)).  The magistrate judge determined moreover that even if Steen had alleged physical injury, his claim should be dismissed because oral threats do not state a constitutional violation.[2]  The magistrate judge recommended dismissal of Steen's complaint with prejudice for failure to state a claim.

A copy of the magistrate judge's report was served on Steen on March 7, and on March 13 he filed a "brief" in which he stated that Sneed's actions had caused emotional anguish that in turn required Steen to obtain treatment for high blood pressure.  The next day the district court adopted the magistrate judge's report and recommendation after conducting an independent review of the record, and dismissed Steen's complaint with prejudice for failure to state a claim.  One week later, Steen filed objections to the magistrate judge's report, and stated that he had alleged a

---

[2]  The magistrate judge also determined that Steen lacked standing to seek relief on behalf of Daniel and his family.

physical injury.  Steen claimed that he suffered from high blood pressure as a result of witnessing the incident.  The district court did not issue an additional order construing these post-dismissal objections, and Steen timely filed a notice of appeal.[3]

II

ANALYSIS

A.    Adoption of Magistrate Judge's Findings and Conclusions.

In adopting the magistrate judge's finding and conclusions, the district court stated that it made "an independent review of the pleadings, files and records in the case, and the Findings, Conclusions and Recommendation of the United States Magistrate Judge."  We presume that "the district court did its statutorily commanded duty in the absence of evidence to the contrary" when the district court states that it conducted an independent review.[4] Moreover, even if the district court did not conduct a de novo review, such error was harmless because Steen is entitled to de novo review on appeal.  Thus the district court's adoption of the magistrate judge's findings and conclusions, even if premature, is still not reversible error.[5]

---

[3] The district court determined that Steen lacked sufficient funds to pay an initial partial filing fee for the appeal and directed payment of the fee in monthly installments as provided by 28 U.S.C. § 1915(b)(2).

[4] Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993).

[5] See Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d, 634, 646-47 (5th Cir. 1994).

4

B.    Dismissal of § 1983 Complaint.

The PLRA amended 28 U.S.C. § 1915 to require the district court to dismiss IFP prisoner civil rights suits if the court determines that the action is frivolous or malicious or does not state a claim on or upon which relief may be granted.[6]  Applying the standard of review applicable when reviewing dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), i.e., de novo, we accept as true the plaintiff's factual allegations (but not conclusional allegations or legal conclusions).[7]  Here the district court did not construe Steen's complaint as one arising under the Eighth Amendment even though he complained of cruel and unusual punishment.  The court did, however, review Steen's complaint for a constitutional violation and determined that he had not alleged the requisite "physical injury."  We agree.  Even construed most liberally, Steen's complaints in his "brief" and his post-dismissal objection allege not a physical injury but an exacerbated medical condition (high blood pressure) purportedly produced by non-physical, purely emotional, injury (witnessing the suicide).  We are convinced that the alleged resulting high blood pressure under the facts of the instant case is not the kind of "physical injury" required as the basis for an emotional suffering

---

[6]   28 U.S.C. § 1915(e)(2)(B)(i) & (ii); see also § 1915A(b)(1); Fed. R. Civ. P. 12(b)(6).

[7]   Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

5

claim. Thus no reversible error resulted from dismissal of Steen's case.

C. <u>Dismissal Following</u> Spears' <u>Hearing</u>.

Steen was afforded a <u>Spears</u>' hearing to allow him the opportunity further to explain the factual basis for his claim and to determine whether his complaint should be dismissed as frivolous. Steen does not indicate what information he may have obtained through discovery or how discovery would have helped him further develop his claim. The thorough <u>Spears</u> hearing conducted by the magistrate judge afforded Steen sufficient opportunities to add information that would be relevant or helpful to his case, but he failed to do so. Steen's case depends on whether he has shown a sufficient physical injury. The only injury Steen has alleged is high blood pressure; as alleged, that is a remote or attenuated result of an alleged injury that itself is purely emotional or non-physical. The district court did not err in dismissing Steen's case without allowing him additional opportunity to develop his claims.

## III

## CONCLUSION

Our de novo review of this case convinces us that no reversible error resulted from the district court's adoption of the magistrate judge's findings and conclusions, or from dismissing the complaint without allowing further factual development, or from dismissing the complaint with prejudice as frivolous for failure to

allege a physical injury.  Steen's alleged high blood pressure resulting from emotional distress which in turn resulted from witnessing the suicide is insufficient to constitute the requisite "physical injury."  For the foregoing reasons, the rulings and judgment of the district court are, in all respects,

AFFIRMED.